UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARISH TILLMAN** | * |
| *Plaintiff,* | * CIVIL ACTION NO.: |
| | * |
| | * DISTRICT JUDGE: |
| **VERSUS** | * |
| | * |
| **JOHN DEERE CONSTRUCTION AND** | * MAGISTRATE JUDGE: |
| **FORESTRY CO. ET AL.** | * |
| *Defendant.* | * |
| | * JURY TRIAL DEMANDED |
| * * * * * * * * * * * * * * * * * * * * | |

## NOTICE OF REMOVAL

Defendant, DEERE & COMPANY, INC. ("Deere"), hereby removes the action captioned "*Parish Tillman versus John Deere Construction and Forestry Company, individually and as successor in interest to John Deere Industrial Equipment Company f/k/a John Deere Construction Equipment Company and Matt Marin*", which was docketed as no. 2021-0001418 in the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana ("Action") to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Deere pleads the following grounds:

## BACKGROUND

I.

On May 17, 2021, this civil action was filed by plaintiff, Parish Tillman, in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing docket number 2021-0001418 and captioned "Parish Tillman versus John Deere Construction and Forestry Company, individually and as successor in interest to John Deere Industrial Equipment Company f/k/a John Deere Construction Equipment Company and Matt Marin." See Exhibit A, First Petition for Damages. On August 4, 2021, Deere answered the petition. *See* Exhibit B, Deere's Answer and

1

Affirmative Defenses to original petition. On December 10, 2021, the State Court granted leave to the Plaintiff to file a First Amended Petition. *See* Exhibit C, Motion and Order for leave to file First Amended Petition for Damages, and Exhibit D, First Amended Petition for Damages.

II.

In Plaintiff's First Amended Petition, it is alleged that on June 6, 2020, the Plaintiff was injured while riding as a passenger in a John Deere Gator Utility Vehicle ("Gator") on the property of Mr. Francis Guidry, Jr. in Amite, Louisiana. The Gator was owned by Mr. Guidry and being driven by Mr. Matt Marin "on a trail through the Guidry property." Furthermore, the Plaintiff identified this Gator by its product identification number ("PIN"): M0XUVDT030194. *See generally*, Exhibit D, First Amended Petition for Damages.

III.

Plaintiff alleges in the First Amended Petition that he is, at the time of the filing of this action, a resident, domiciliary and citizen of the State of Louisiana.

IV.

Deere was at the time of the filing of this action, and still is, a foreign entity incorporated under the laws of Delaware, with its principal place of business in the State of Illinois. Thus, Deere is considered a citizen of the states of Delaware and Illinois. *See* Exhibit B, Deere's Answer and Affirmative Defenses to original petition.

V.

Defendant Matt Marin, the driver of the Gator at the time of the accident, was at the time of the filing of this action, and still is, a resident, domiciliary and citizen of the State of Louisiana. *See* Exhibit E, Mr. Marin's December 8, 2021 Answer and Affirmative Defenses. Deere received

a copy of Mr. Marin's Answer and Affirmative Defenses on December 8, 2021 by e-mail. *See* Exhibit F, transmission email.

## **ALL PROPERLY JOINED PARTIES ARE DIVERSE IN CITIZENSHIP**

VI.

In considering whether a plaintiff has improperly joined a party to prevent removal, courts place the burden on the removing party to establish that the "plaintiff has no possibility of establishing a valid cause of action against the in-state defendant." which, stated differently, means that there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* The Court may determine the ability of a plaintiff to establish a cause of action against the non-diverse party in state court in one of two ways: (1) it may look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law, similar to a FRCP 12(b)(6) analysis; or (2) where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.*

VII.

In his Petition, Plaintiff named as defendant Matt Marin, the driver of the Gator at the time of the accident and a domiciliary of Louisiana. *See generally*, Exhibit D, First Amended Petition for Damages. The Plaintiff alleges that Mr. Marin is liable for his "negligent actions." First Amended Petition, ¶¶ 1, 68-71. However, Deere suggests that this Court should ignore the citizenship of Mr. Marin as an improperly joined party and find complete diversity between Plaintiff, a Louisiana citizen, and Deere, a citizen of Illinois and Delaware.

VIII.

The Plaintiff's petition does not include any allegation of fact regarding the gross vehicle weight of the Gator that is the subject of this action. As detailed below, there is a Louisiana immunity statute that applies in Mr. Marin's favor in this matter if the Gator weighed less than 11,000 pounds. As the weight of the Gator is the sole discrete fact that is not addressed within the petition and would preclude the Plaintiff's recovery under the immunity statute, Deere has filed alongside this Notice a declaration by Mr. Robert Loehr, who attests to the fact that the gross vehicle weight rating of the Gator is 3,120 lbs. *See* Loehr Declaration, attached as Exhibit H. Therefore, because the Gator at issue weighed less than 11,000 pounds, this Court should pierce the pleadings on the weight issue and hold that Mr. Marin has been improperly joined to this action. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

IX.

After piercing the pleadings to establish the weight of the Gator was less than 11,000 pounds, the Plaintiff's Petition fails to state a viable cause of action against Mr. Marin, who has now pleaded the affirmative defense of statutory immunity provided by La. R.S. 9:2795.4 ("immunity statute"). The immunity statute specifically provides that a person "shall not be liable for an injury to or the death of a participant resulting from the inherent risks of a motorized off-road vehicle activity, and, except as provided in Subsection C of this Section, no participant or participant's representative shall make any claim against, maintain an action against, or recover from . . .any other person for injury, loss, damage ,or death of the participant resulting from any of the inherent risks of motorized off-road vehicle activities."

X.

The immunity statute offers definitions for the following relevant terms:

4

1. "Engages in motorized off-road vehicle activity" includes riding as a passenger within a motorized off-road vehicle, which the Plaintiff has alleged;

2. "Inherent risks of motorized off-road vehicle activities", means those dangers or conditions which are an integral part of a motorized off-road vehicle activity, including but not limited to:

    a. The propensity of a motorized off-road vehicle to roll over in ways that may result in injury, harm, or death to persons on or around it.

    b. Certain hazards such as surface and subsurface conditions.

    c. Collisions with other motorized off-road vehicles or objects, which the Plaintiff has alleged.

    d. The potential of a participant to act in a negligent manner that may contribute to injury to the participant or others, such as failing to maintain control over the motorized off-road vehicle or not acting within his ability, which the Plaintiff has alleged.

3. "Motorized off-road vehicle", which means "any two- or four-wheeled vehicle powered by a combustible engine or electric motor and weighing eleven thousand five hundred pounds or less", of which the Gator undoubtedly qualifies, and

4. "Participant," which means any person, whether amateur or professional, who engages in a motorized off-road vehicle activity, which the Plaintiff has alleged.

XI.

Section C of the immunity statute provides the sole exceptions for the immunity afforded to other persons driving (Mr. Marin) motorized off-road vehicles. To state a claim that is not otherwise subject to the immunity afforded under this statute, a plaintiff must allege that the defendant either:

> **(1)** Provided the equipment, and knew or should have known that the equipment was faulty, and such equipment was faulty to the extent that it did cause the injury.
>
> **(2)** Failed to make reasonable and prudent efforts to determine the ability of the participant to engage safely in the motorized off-road vehicle activity.
>
> **(3)** Owned, leased, rented, or otherwise was in lawful possession and control of the land or facility upon which the participant sustained injuries because of a dangerous latent condition which was known or should have been known to the motorized off-road vehicle activity sponsor, motorized off-road vehicle professional, or other person and for which warning signs have not been conspicuously posted.
>
> **(4)** Committed an act or omission that constitutes willful or wanton disregard for the safety of the participant, and that act or omission caused the injury.
>
> **(5)** Intentionally injured the participant.

La. R.S. 9:2795.4(C).

XII.

After accounting for the fact that the Gator weighed less than 11,000 pounds, which is established through the declaration of Mr. Loehr, it is apparent that the Plaintiff's petition fails to state a cause of action against Mr. Marin.

- The Plaintiff's petition specifically alleges that the Gator, and the land on which this accident took place, was owned by a third-party, Mr. Francis Guidry, Jr., not Mr. Marin.

- There are no allegations of fact that would suggest Mr. Marin failed to make a reasonable and prudent effort to determine the Plaintiff's ability to ride as a passenger in the Gator on the date of loss.

- Likewise, the Plaintiff has failed to allege any facts that would even vaguely suggest Mr. Marin acted with willful or wanton disregard for the safety of the Plaintiff; instead, the petition's allegations only allege simple negligence claims, all of which fall within the statutorily defined "inherent risks of motorized off-road vehicle activities."

- Finally, the Plaintiff's petition offers no allegations that would suggest Mr. Marin intentionally caused the gator to collide with a tree.

In short, the Plaintiff has failed to allege any fact to support a cause of action under La. R.S. 9:2795.4(C) after accounting for the weight of the gator, which this Court may summarily conclude weighed less than 11,000 pounds after considering Mr. Loehr's declaration, and the Plaintiff has improperly named Mr. Marin as a defendant for the sole purpose of defeating federal jurisdiction. *See e.g., Garcia v. U.S. Bank Trust, N.A.*, 2021 U.S. Dist. LEXIS 232713 (S.D. Tex. Dec. 6, 2021) (Finding that a defendant trustee was improperly joined when the Plaintiff failed to allege any facts that would state a claim not otherwise subject to an immunity statute); *Wilson v. Equip. Options Direct, L.L.C.*, 2021 U.S. Dist. LEXIS 35288 (S.D. Miss. February 25, 2021) (Application of statutory immunity for non-diverse defendant shows improper joinder).

XIII.

Deere suggests, therefore, that the citizenship of Mr. Marin should be ignored for purposes of diversity jurisdiction, and Mr. Marin should be dismissed from this case because there is no reasonable basis to predict that Plaintiff might be able to recover against Mr. Marin.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

XIV.

Mr. Tillman's petition alleges that he has "suffered severe and debilitating injuries, which require ongoing medical treatment, including but not limited to, **multiple leg surgeries**." First Amended Petition, ¶ 25 (emphasis added). He also claims to have "suffered and continues to suffer severe and permanent physical and emotional injuries. Mr. Tillman allegedly has endured pain and suffering, has suffered economic losses (including significant medical care and treatment) and will continue to incur these expenses in the future." First Amended Petition, ¶ 71. He also has allegedly suffered "disfiguring and permanent injury." First Amended Petition, ¶ 72. Therefore, it is facially apparent that the claims raised by Mr. Tillman are likely above $75,000.

**THE REQUIREMENTS FOR DIVERSITY JURISDICTION
AND REMOVAL HAVE BEEN SATISFIED**

XV.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332 and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq*., because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XV.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Defendant to date in state court are filed alongside this Notice as *globo* Exhibit G.

XVI.

In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all defendants who have been properly joined and served" have joined in the removal of this action. As an improperly joined defendant, the consent of Mr. Marin to this removal is not required as a matter of law. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that requiring an improperly joined defendant to consent to removal would defy reason). Nevertheless, in an abundance of caution, Deere previously attempted to contact Mr. Marin's counsel to determine whether he would consent to this removal; however, no response was received by the time of this filing.

XVII.

In compliance with the requirements of 28 U.S.C. § 1446(b)(3), this notice of removal is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

XVIII.

As noted above, Deere received service copies of Mr. Marin's Answer and Affirmative Defenses to the Plaintiff's Action on December 8, 2021. That "other paper" raised, for the first time in this action, the affirmative defense of statutory immunity. See *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that "[t]he thirty days is measured from receipt of whatever writing – in this case Dilled Crossing's answer – constitutes first notice"). Until Deere received Mr. Marin's Answer and Affirmative Defenses, there remained the possibility that Mr. Marin may waive the defense — intentionally or inadvertently — and thereby allow Plaintiff to prevail on his state law claims against the non-diverse defendant.

XIX.

In compliance with 28 U.S.C. §1446(d), Deere hereby certifies that this notice of removal is being served contemporaneously herewith to all parties, and to the Clerk of Court of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana. A copy of Deere's notice to the state court Clerk of Court is enclosed alongside this filing as Exhibit "I."

**VENUE**

XX.

This notice of removal is properly filed in this District because the 21st Judicial District Court for the Parish of Tangipahoa is located within the U.S. District Court for the Eastern District of Louisiana. Venue for this notice is therefore proper under 28 U.S.C. 98 and 28 U.S.C. 1446 because the events giving rise to this action have occurred in Tangipahoa Parish, which is within this federal judicial district.

**WHEREFORE**, defendant, Deere and Company, Inc., prays that Matt Marin be dismissed with prejudice as a party defendant and that this cause be removed from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

**Respectfully submitted,**

**COTTEN SCHMIDT, L.L.P.**

**/s/ Cody J. Acosta**
| | |
|---|---|
| **PAUL M. LAVELLE, T.A.** | **#08134** |
| **CODY J. ACOSTA** | **#37005** |

**650 Poydras St., Suite 1950**
**New Orleans, Louisiana 70130**
**Telephone: (504) 568-9393**
**Fax: (504) 524-1933**
*Attorneys for Deere & Company, Inc.*

Dated: December 17, 2021

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing pleading was sent by U.S. mail, e-mail and/or facsimile to all known attorneys of record as listed below this 17th day of December, 2021.

**Mr. Parish Tillman**,
Through his attorneys of record,
Mr. Michael Lillis (michael@lillislegal.com)
LILLIS LAW FIRM
338 Lafayette Street
New Orleans, Louisiana 70130

And
Mr. Lawrence J. Centola (lcentola@mbfirm.com)
MARTZELL, BICKFORD, & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130

**Mr. Matt Marin**
Through his attorneys of record,
Mr. Sean Regan (sean@sreganlaw.com)
SEAN REGAN LAW
4919 Canal Street, Ste 304
New Orleans, Louisiana 70119

And

Stephen Skelly Kreller (ssk@krellerlaw.com)
Katie M. Cusimano (katie@cusimanolaw.com)
THE KRELLER LAW FIRM
757 St. Charles Avenue, Ste 301
New Orleans, Louisiana 70130

        **/s/ Cody J. Acosta**