UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**PARISH TILLMAN**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 21-2331**

**JOHN DEERE CONSTRUCTION AND**                       **SECTION "B"(3)**
**FORESTRY COMPANY, ET AL.**

                            ORDER AND REASONS

Before the Court are defendant's notice of removal (Rec. Doc. 1), plaintiff's motion to remand (Rec. Doc. 12) and defendant Deere & Company, Inc.'s opposition (Rec. Doc. 13). For the following reasons,

**IT IS ORDERED** that the motion to remand (Rec. Doc. 12) is **DENIED**.

I.   **FACTS AND PROCEDURAL HISTORY**

On June 6, 2020, plaintiff Parish Tillman and defendant Matt Marin were operating a Gator Utility Task Vehicle ("Gator") on Francis Guidry, Jr.'s property with Guidry's permission. *See* Rec. Doc. 1-5 at 2-4. The Gator was owned by Guidry and manufactured by Deere & Company, Inc. ("Deere"). *See id.* at 2-3. Plaintiff was sitting in the front passenger seat while defendant Marin was driving the Gator. *Id.* at 4. According to plaintiff and defendant Marin, while Marin was driving the Gator, he lost control of the vehicle without warning.[1] Marin attempted to apply the brakes, but

---

[1] Defendant Marin admitted to plaintiff's allegations in Rec. Doc. 1-5, however qualified his admission by stating that "Mr. Marin was driving the Gator UTV . . . when suddenly, without warning, and while under power, the Gator UTV steering

                                    1

this did not slow the Gator, and the vehicle then violently crashed into a tree off a trail on the Guidry property.[2] *See* Rec. Doc. 1-5 at 4; Rec. Doc. 1-6 at 3. Plaintiff suffered severe injuries, including injuries to his leg requiring multiple surgeries. *See* Rec. Doc. 1-5 at 5.

Plaintiff filed suit on May 17, 2021 in the 21st District Court for the Parish of Tangipahoa against John Deere Construction and Forestry Company, *individually and as a successor in interest to* John Deere Industrial Equipment Company *f/k/a* John Deere Construction Equipment Company, and Matt Marin. Rec. Doc. 1-2 at 1. However, plaintiff incorrectly named defendant Deere, which was corrected in the First Amended Petition for Damages to be Deere and Company, Inc. *See* Rec. Doc. 1-2 at 1; Rec. Doc. 1-3 at 1; Rec. Doc. 1-5 at 1.

At present and at the time of filing, plaintiff is domiciled in Orleans Parish, Louisiana. Rec. Doc. 1-2 at 1. Defendant Marin is domiciled in Jefferson Parish, Louisiana. *Id.* at 2; Rec. Doc. 1-6 at 2. Deere "is a corporation organized under the laws of Delaware with its [principal] place of business located in the state of Illinois." Rec. Doc. 6 at 2.

---

system and wheel became locked in a fixed position and the braking system failed causing the Gator UTV to violently collide with a tree." Rec. Doc. 1-6 at 3.
[2] These set of facts are denied by defendant Deere "for lack of sufficient information to justify a belief therein," but attested to by plaintiff and defendant Marin. *See* Rec. Doc. 6 at 4-5.

2

In his petition, plaintiff made a claim against Deere under the Louisiana Products Liability Act for failure to warn (Count I) and design defect (Count II), and a claim for negligence (Count III) against Matt Marin. *See* Rec. Doc. 1-2 at 5-14. Defendant Deere answered the petition on August 9, 2021, correcting the plaintiff's incorrect naming of Deere and Company, Inc. as John Deere Construction and Forestry Company. Rec. Doc. 1-3 at 1. Then on December 7, 2021, plaintiff amended the petition to correctly name defendant Deere. *See* Rec. Doc. 1-5 at 1. Defendant Marin answered the original and first amended petition on December 8, 2021, claiming an affirmative defense of "exoneration from and/or limitation of liability under Louisiana R.S. § 9:2795.4, *et seq.*" *See* Rec. Doc. 1-6 at 10. Louisiana Revised Statute Title 9, Section 2795.4 provides for limitation of liability for motorized off-road vehicle activity sponsors, professionals, and other persons. *See* LA. REV. STAT. § 9:2795.4.

After defendant Marin answered the amended petition asserting immunity, defendant Deere filed a Notice of Removal on December 17, 2021. *See* Rec. Doc. 1 at 1. Then on January 13, 2022, plaintiff filed a motion to remand. *See* Rec. Doc. 12 at 1. Defendant Deere opposed plaintiff's motion to remand on January 24, 2022. *See* Rec. Doc. 13 at 1.

3

## II. LAW AND ANALYSIS

### A. Standard for Removal and Remand

A defendant may remove a civil action if the federal district court would have had original jurisdiction over the case unless a federal statute provides otherwise. 28 U.S.C. § 1441(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

28 U.S.C. § 1446(b) establishes the requirements for removal of civil actions and states:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court

4

>   and is not required to be served on the defendant, whichever period is shorter. . . .
>   (3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (b)(3).

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). In reviewing motions to remand, the Court is guided by the fact that federal courts are courts of limited jurisdiction and should strictly construe a removal statute in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any ambiguities should be construed against removal, and in favor of remand. *Id.*

    **B.   Improper Joinder**

As stated, removal under § 1441 requires proper joinder, which when jurisdiction is based on diversity of citizenship, includes meeting all the requirements of § 1332. *See* 28 U.S.C. § 1441(b)(2); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004); *see also Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219-21 (5th Cir. 2018) (discussing and applying *Smallwood*). An improper joinder inquiry "must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. The Fifth

Circuit has established two ways to show improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotations omitted) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Under the second method of demonstrating improper joinder, first "all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party," and second, the court must address "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant," meaning "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981)); *Smallwood*, 385 F.3d at 573 (noting that the Fifth Circuit is dispensing with all other phrasing of the required proof and officially adopting the "no reasonable basis" standard).

    To assess whether there is a reasonable basis for recovery under state law, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Or where "a plaintiff has stated a claim, but has misstated or omitted

discrete facts that would determine the propriety of joinder[,] . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (citations omitted).

Here, plaintiff has stated a claim against defendants, but has omitted an essential fact as to the Gator UTV, which pertains to whether immunity under LA. REV. STAT. § 9:2795.4 applies to defendant Marin. LA. REV. STAT. § 9:2795.4(A)(3) establishes that a motorized off-road vehicle within the statute means "any two- or four-wheeled vehicle powered by a combustible engine or electric motor and weighing eleven thousand five hundred pounds or less." LA. REV. STAT. § 9:2795.4(A)(3). Plaintiff failed to include the weight of the Gator UTV in any of his pleadings; thus, this Court pierces the pleadings to include the Declaration of Robert Loehr, a Staff Engineer for Product Safety & Compliance, Utility Vehicles at Deere & Company, Inc. *See* Rec. Doc. 1-9 at 1. The declaration establishes the gross weight of the UTV involved in the dispute to be 3,120 pounds. *Id.* at 2. Because plaintiff omitted an essential fact in determining whether statutory immunity would apply to defendant Marin, a summary inquiry is appropriate. *See Smallwood*, 385 F.3d at 573.

After piercing the pleadings and conducting a summary inquiry, there is no reasonable basis for this Court to predict that plaintiff might recover against defendant Marin. In his Answer

7

to Original and First Amended Petition for Damages and Affirmative Defenses, defendant Marin raises the affirmative defense under La. Rev. Stat. § 9:2795.4, which states in pertinent part:

> (B)[A] motorized off-road vehicle activity sponsor, a motorized off-road vehicle professional, or any other person, which shall include individuals and all forms of business entities, shall not be liable for an injury to or the death of a participant resulting from the inherent risks of a motorized off-road vehicle activity and, except as provided in Subsection C of this Section, no participant or participant's representative shall make any claim against, maintain an action against, or recover from, a motorized off-road vehicle activity sponsor, a motorized off-road vehicle professional, or any other person for injury, loss, damage, or death of the participant resulting from any of the inherent risks of motorized off-road vehicle activities.

*See* Rec. Doc. 1-6 at 10; La. Rev. Stat. § 9:2795.4.

The statute also provides several definitions beneficial to this Court's analysis. First, a sponsor is "an individual, group, club, partnership, or corporation, whether or not the sponsor is operating for profit or nonprofit, which sponsors, organizes, or provides the facilities for a motorized off-road vehicle activity . . . ." La. Rev. Stat. § 9:2795.4(A)(5). A professional is someone engaged for compensation for instructing or renting a motorized off-road vehicle, or "[r]enting equipment to a participant in a motorized off-road vehicle activity." *See* La. Rev. Stat. § 9:2795.4(A)(7). A "[p]articipant means any person, whether amateur or professional, who engages in a motorized off-road vehicle activity, whether or not a fee is paid to participate in

8

the motorized off-road vehicle activity." LA. REV. STAT. § 9:2795.4(A)(8). Finally, a motorized off-road vehicle activity may include "[t]raining, teaching, or demonstrating activities involving motorized off-road vehicles[,]" or, "[d]riving, inspecting, or evaluating a motorized off-road vehicle belonging to another[.]" LA. REV. STAT. § 9:2795.4(A)(4).

Plaintiff recognizes the limitation of liability provided by LA. REV. STAT. § 9:2795.4(A), but argues the limitation does not apply here because plaintiff never received any signage, written warning, contract, or any sort of warning, as required by LA. REV. STAT. § 9:2795.4(G). However, this argument is unavailing. *See* Rec. Doc. 12-1 at 2. Subsection E of the statute states that, "*Every motorized off-road vehicle professional and every motorized off-road vehicle activity sponsor* shall post and maintain a sign conspicuously located or provide a written warning which contains the warning notice specified in Subsection F of this Section," and Subsection F contains the specific signage requirements. LA. REV. STAT. § 9:2795.4(E)-(F) (emphasis added). Subsection G further states, "Failure to comply with the requirements concerning warning notices provided in this Section shall prevent *a motorized off-road vehicle activity sponsor or motorized off-road vehicle professional* from invoking the privilege of immunity provided by this Section." LA. REV. STAT. § 9:2795.4(G) (emphasis added).

9

Here, neither plaintiff nor defendant contends that defendant Marin is a motorized off-road vehicle professional or activity sponsor; therefore, defendant Marin would qualify as an "other person" under the statute. Whereas LA. REV. STAT. § 9:2795.4(B) provides for activity sponsors, professionals, *and* other persons, Subsection (E) is silent on "other persons" and only directs the signage requirement to "Every motorized off-road vehicle professional and every motorized off-road vehicle activity sponsor." *See* LA. REV. STAT. § 9:2795.4; *see also Gautreau v. Washington*, 95-1731, p. 4-5 (La. App. 1 Cir. 4/4/96); 672 So. 2d 262, 265-66 (finding that LA. REV. STAT. § 9:2795.3, a statute concerning equine activity that is almost identical to LA. REV. STAT. § 9:2795.4, only required professionals and sponsors to provide warning signs to invoke the privilege of immunity and was "silent as to placing this same requirement on any other person").[3] Therefore, as an "other person," the signage and warning requirements in section 9:2795.4(E) do not apply to defendant Marin. *See Gautreau*, 672 So. 2d at 265-66. Because the warning

---

[3] The limitation of liability of motorized off-road vehicle activities was constructed from the limitation of liability of equine activity, which was first enacted in 1999 under LA. REV. STAT. § 9:2795.1 (1999). The current limitation of liability of equine activity is found under LA. REV. STAT. § 9:2795.3. With almost identical language to limitation of liability of equine activity, limitation of liability of motorized off-road vehicle activities was first enacted in 2003 as LA. REV. STAT. § 9:2795.3 (2003), but moved to LA. REV. STAT. § 9:2795.4 in 2004. Due to the similarity of the language, and because there seem to be no reported state or federal cases applying LA. REV. STAT. § 9:2795.4, this Court looks to the limitation of liability of equine activity as stated in LA. REV. STAT. § 9:2795.3 to interpret the terminology found in LA. REV. STAT. § 9:2795.4.

requirements do not apply, defendant Marin would qualify for immunity under LA. REV. STAT. § 9:2795.4, and there is no reasonable basis for this Court to predict that plaintiff might be able to recover against defendant Marin. Therefore, joinder of defendant Marin was improper.

### C.   Timeliness

Plaintiff argues that even if joinder was improper, defendant did not timely remove the case to federal court. *See* Rec. Doc. 12-1 at 3. Under 28 U.S.C. § 1446(b), a defendant must file notice of removal within thirty days of receipt of the initial pleadings; however, if the case was not removable in the initial pleading, but later becomes removable through an amended pleading, motion, or other paper, the notice of removable must be filed within thirty days of receipt of the amended pleading, motion, or other paper. *See* 28 U.S.C. § 1446(b); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("Thirty days is measured from receipt of whatever writing . . . constitutes first notice," including a co-defendant's answer).

Removal to federal court based on diversity jurisdiction is premature where the non-diverse defendant has not yet raised an immunity defense in his answer where one may apply. *See Byers v. J.P. Morgan Chase Bank*, No. 3:12-CV-770-O-BK, 2012 WL 5494927, at *1-2 (N.D. Tex. May 15, 2012), *report and recommendation adopted*, 3:12-CV-770-O, 2012 WL 5499924 (N.D. Tex. Nov. 13, 2012); *see also*

11

*Riojas v. Nationwide Gen. Ins. Co.*, No. 1:18-CV-1127-RP, 2019 WL 1615413, at *1 (W.D. Tex. Apr. 16, 2019) (citing *Byers*, 2012 WL 5494927, at *3) (reasoning that "courts in this circuit have remanded actions when the diverse defendant based its improper-joinder argument on a limitations defense that the nondiverse defendant had not yet pleaded"). That is because "there is the *possibility* that [defendant] may waive the defense and that Plaintiff may prevail in her state claims against [defendant]." *Byers*, 2012 WL 5494927, at *3; *see also Soin v. JPMorgan Chase Bank*, No. H-12-2766, 2012 WL 6018746, at *2 (S.D. Tex. Nov. 29, 2012) (holding that where the non-diverse defendant has not answered and raised the affirmative defense of the statute of limitations, "there remains the possibility that [the defendant] may waive the defense—intentionally or inadvertently—and thereby allow Plaintiffs to prevail on their state law claims against the non-diverse defendant").

Here, plaintiff argues that defendant received first notice on July 7, 2021, the date defendant acknowledged notice of the lawsuit following service of the original petition on June 29, 2021. *See* Rec. Doc. 12-1 at 3. Plaintiff claims that the amended petition alleged no new or different facts, and that "[a]ny facts that Marin was allegedly protected by an immunity statute were apparent in the original petition for damages," and therefore, defendant only had thirty days from July 7, 2021 to remove the

12

case. *Id.* However, while plaintiff is correct in saying that the facts did not change between the original and amended petitions, plaintiff fails to consider that defendant Marin did not raise the affirmative defense of immunity under LA. REV. STAT. § 9:2795.4 until December 8, 2021. *See* Rec. Doc. 1-6 at 1.

If defendant Deere removed the case before defendant Marin had the chance to raise affirmative defenses, removal would have been premature, and the case could have been remanded. *See Byers*, 2012 WL 5494927, at *1-2. Until defendant Marin answered the original and first amended petition, there remained the possibility that defendant Marin may waive the defense, either intentionally or inadvertently, which would allow plaintiff to prevail in their state law claims against defendant Marin, the non-diverse defendant. *See Soin*, 2012 WL 6018746, at *2. Thus, defendant Marin's answer on December 8, 2021, which raised the § 9:2795.4 defense, qualifies as first notice, defendant Deere's notice of removal on December 17, 2021 was within thirty days, and defendant Deere's removal was therefore timely. *See Ashland Oil Inc.*, 989 F.2d at 815 (finding removal proper when first notice was based on a co-defendant's answer rather than a complaint or amended complaint).

New Orleans, Louisiana this 3rd day of May, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE